THE STATE, EX REL. DAGGETT, APPELLANT, *v.* GESSAMAN, JUDGE, APPELLEE.

(No. 72-569—Decided April 25, 1973.)

56

*Messrs. Volkema, Post & Pees* and *Mr. Randall W. Pees,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. William R. Schmidt* and *Mr. George C. Smith,* for appellee.

POTTER, J. The interrogatories which precipitated this action are framed in conclusory terms, and the answers thereto involve "legal conclusions" or "ultimate facts." The alleged tort-feasor was asked if he was negligent, whether his negligence was the proximate cause of the accident, and whether the accident was the proximate cause of the plaintiff's injury. Ordinarily, the posture of these ultimate issues would be determined by the defendant's answer to the allegations of the complaint. However, the interrogatories were apparently propounded in an effort to require the defendant to concede the existence of a prima facie case of negligence and thus reduce the triable issues.

The purpose of the liberal discovery policy contemplated by the Ohio Rules of Civil Procedure is the narrowing and sharpening of the issues to be litigated. To this

end, Ohio Civ. R. 33(B), which was patterned after Federal Rule, FRCP 33(b), as amended in 1970,* provides that, "an interrogatory otherwise proper is not objectionable merely because the answer to the interrogatory involves an opinion, contention, or legal conclusion * * *."

Relator contends in his complaint and on appeal that the granting of his motion for discovery was ministerial, that the failure to so grant was a gross abuse of discretion and that he has no adequate remedy at law.

A discovery order is not subject to immediate review and an abuse of discretion does not of itself render final an interlocutory order. *Klein* v. *Bendix Westinghouse* (1968), 13 Ohio St. 2d 85. Likewise, "mandamus cannot be used as a substitute for appeal or create an appeal from an order which is not a final order, which relator seeks to do in this action." *State, ex rel. Overmeyer,* v. *Walinski* (1966), 8 Ohio St. 2d 23, 24. See, also, *Chemical and Industrial Corp.* v. *Druffel* (C. A. 6, 1962), 301 F. 2d 126; *Ex parte Fahey* (1947), 332 U. S. 258; *Roche* v. *Evaporated Milk Assn.* (1943), 319 U. S. 21.

In discovery practices, the trial court has a discretionary power not a ministerial duty. See *Newburg Petroleum Co.* v. *Weare* (1887), 44 Ohio St. 604; *Borden Co.* v. *Sylk* (C. A. 3, 1969), 410 F. 2d 843; *Greyhound Lines* v. *Miller* (C. A. 8, 1968), 402 F. 2d 134; *Chemical and Industrial Corp.* v. *Druffel, supra*; 18 Ohio Jurisprudence 2d 45,

---

*In 1970, FRCP 33(b) was amended to provide that an interrogatory is not "necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." The decisions of the federal courts construing FRCP 33(b) prior to the 1970 amendment were in conflict with regard to the question of whether an interrogatory calling for a conclusion or a contention was objectionable. A substantial number of cases held that interrogatories requiring opinions, conclusions, or contentions were improper. However, for several years prior to the 1970 amendment numerous federal decisions adhered to the view that interrogatories were not objectionable solely on the ground that the answers thereto called for conclusions or opinions. 4A Moore's Federal Practice, Par. 33.18, p. 33.72.

58

Discovery and Depositions, Section 41; Civ. R. 26(B) and Civ. R. 33(B). Civ. R. 33(B) provides, in part:

"* * * but the court may order that such an interrogatory be answered at a later time, or after designated discovery has been completed, or at a pretrial conference."

Respondent has exercised his discretion and he cannot be required to now exercise it in a manner satisfactory to relator. *State, ex rel. Keller,* v. *Waite* (1904), 70 Ohio St. 149, 153; *State, ex rel. DeVille Photography,* v. *McCarroll* (1958), 167 Ohio St. 210. Paraphrasing the apt language in *Borden Co.* v. *Sylk, supra,* every interlocutory order involves to some degree a potential loss. That risk must be balanced against the need for efficient appellate judicial administration. Entertaining suits in mandamus as a substitute for appeal from interlocutory discovery orders would not only inundate the appellate dockets, but cause unreasonable delay in the final resolution of the substantive issues in controversy.

Relator is not without remedy by appeal where the trial court's refusal to allow discovery is improvident and prejudicially affects the substantial rights of the parties. See *Bank of America Trust & Savings Assn.* v. *Hayden* (C. A. 9, 1956), 231 F. 2d 595; *Tiedman* v. *American Pigment Corp.* (C. A. 4, 1958), 253 F. 2d 803.

The judgment of the Court of Appeals, dismissing relator's petition in mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for CORRIGAN, J.