THE STATE, EX REL. SOBCZAK, APPELLANT, *v.*
SKOW, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Sobczak, *v.* Skow (1990),
49 Ohio St. 3d 13.]

(No. 89-3—Submitted November 7, 1989—Decided February 7, 1990.)

*Schuller, Meyer & Elder, James L. Schuller* and *Gregory R. Elder,* for appellant.
*Anthony G. Pizza,* prosecuting attorney, *Steven J. Papadimos* and *Daniel J. McCormick,* for appellees.

*Per Curiam.* This is an appeal from the dismissal of a mandamus action by the Court of Appeals for Lucas County. Relator-appellant, Richard Sobczak, is the defendant in *Jazweicki et al.* v. *Sobczak,* case No. 88-0468 (the "*Jazweicki* case"), which is pending before Judge Robert Christiansen, one of respondents-appellees, the Judges of the Court of Common Pleas of Lucas County. Pursuant to that action, Sobczak propounded thirty-eight interrogatories and several requests for production of documents. The plaintiffs did not respond.

On Sobczak's motion to compel discovery, Judge Christiansen ordered a response, but only to the first thirty-five interrogatories and the production requests. Judge Christiansen's order was based on Rule 7.18 of the Rules of Practice of the Court of Common Pleas of Lucas County, which provides, in part:

"The use of interrogatories is limited by this rule. The total number of interrogatories propounded by any party to any other party to a cause shall not exceed thirty-five (35). Whenever this limitation is exceeded, a responding party will be deemed to have complied with discovery requirements by responding to the first thirty-five (35) interrogatories propounded * * *."

Thereafter, Sobczak sought the instant writ of mandamus in the court of appeals. Arguing that the Ohio Rules of Civil Procedure prevented common pleas courts from promulgating rules that limited discovery, Sobczak asked that Judge Christiansen be directed to compel answers to all the interrogatories propounded in the *Jazweicki* case. However, the appellate court, finding that Sobczak's suit was essentially an attempt to appeal an interlocutory discovery order, dismissed the action for failure to state a claim upon which relief could be granted.

In reaching this result, the court of appeals relied on *State, ex rel. Daggett, v. Gessaman* (1973), 34 Ohio St. 2d 55, 63 O.O. 2d 88, 295 N.E. 2d 659. In *Gessaman,* we affirmed an appellate court's decision dismissing a complaint in mandamus because the complaint urged review of a trial court's discovery ruling. Our decision was based on the principle that mandamus cannot be used as a substitute for appeal or to create an appeal from an order, like a discovery ruling, that is not final. *Id.* at 57, 63 O.O. 2d at 90, 295 N.E. 2d at 661.

We find *Gessaman* controlling here. Accordingly, we affirm the court of appeals' decision dismissing the complaint in mandamus.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.