The STATE, ex rel. GLASS,

v.

REID, Judge.

[Cite as *State, ex rel. Glass, v. Reid* (1991), 62 Ohio App.3d 328.]

Court of Appeals of Ohio,
Greene County.

No. 91–CA–32.

Decided April 22, 1991.

*Richard M. Hunt,* for relator.

*William F. Schenck, Jr.,* prosecuting attorney, for respondent.

---

FAIN, Presiding Judge.

This is an original action in prohibition brought by relator Donald E. Glass against the respondent, the Honorable M. David Reid, Judge of the Greene County Common Pleas Court. This case comes before the court for disposition upon the merits, upon the complaint, the respondent's response to this court's order to show cause why a writ of prohibition should not issue, Glass's responsive memorandum and a hearing before this court on April 17, 1991.

There is no dispute concerning the relevant facts in this case. Glass has a medical malpractice action pending before Judge Reid in the Greene County Common Pleas Court. Judge Reid referred the matter to arbitration pursuant to R.C. 2711.21, and Greene County Common Pleas Court Local Rule 41. Not all of the parties to the medical malpractice action agreed to its submission to arbitration, and two of the defendants in that action filed objections to the reference to arbitration. In response to these objections, Judge Reid entered an order referring the case to regular arbitration in accordance with Greene County Common Pleas Court Local Rule 11. The matter is currently scheduled to be arbitrated on Monday, April 29, 1991. Glass, the plaintiff in the medical malpractice action, has brought this action in prohibition to prevent the arbitration from going forward.

Greene County Common Pleas Court Local Rule 11, pursuant to which the arbitration has been ordered, is a general provision for mandatory non-binding arbitration, adopted pursuant to C.P.Sup.R. 15. That rule, which is not a rule of procedure adopted pursuant to Section 5(B), Article IV of the Ohio Constitution, permits common pleas courts to adopt local rules requiring mandatory, non-binding arbitration, but specifically excludes from its scope

"[a]ctions involving titles to real estate, equitable relief and appeals." Glass relies upon R.C. 2711.21, which provides, in its entirety, as follows:

"(A) Upon the filing of any medical, dental, optometric or chiropractic claim as defined in division (D) of section 2305.11 of the Revised Code, if all of the parties to the medical, dental, optometric, or chiropractic claim agree to submit it to nonbinding arbitration, the controversy shall be submitted to an arbitration board consisting of three arbitrators to be named by the court. The arbitration board shall consist of one person designated by the plaintiff or plaintiffs, one person designated by the defendant or defendants, and a person designated by the court. The person designated by the court shall serve as the chairman of the board. Each member of the board shall receive a reasonable compensation based on the extent and duration of actual service rendered, and shall be paid in equal proportions by the parties in interest. In a claim accompanied by a poverty affidavit, the cost of the arbitration shall be borne by the court.

"(B) The arbitration proceedings shall be conducted in accordance with sections 2711.06 to 2711.16 of the Revised Code insofar as they are applicable. Such proceedings shall be conducted in the county in which the trial is to be held.

"(C) If the decision of the arbitration board is not accepted by all parties to the medical, dental, optometric, or chiropractic claim, the claim shall proceed as if it had not been submitted to nonbinding arbitration pursuant to this section. The decision of the arbitration board and any dissenting opinion written by any board member are not admissible into evidence at the trial.

"Nothing in this section shall be construed to limit the right of any person to enter into an agreement to submit a controversy underlying a medical, dental, optometric, or chiropractic claim to binding arbitration."

Glass contends that R.C. 2711.21 provides a scheme for the arbitration of medical malpractice claims that is inconsistent with the mandatory arbitration provided for by Local Rule 11, because the arbitration provided for in the statutory scheme is permissive rather than mandatory. In this connection, it is worth noting that a previous version of the statute provided for *mandatory* arbitration, but the statute was amended in 1987 to provide, among other things, that the arbitration provided for therein would require the permission of all of the parties.

The respondent points out that there were other changes in the 1987 amendment. For example, the respondent points out that the previous statute had permitted testimony by arbitrators at the ensuing trial, whereas the present statute does not permit arbitrators to testify. However, we agree with Glass that a fundamental aspect of the amendment was to change the

medical arbitration from a mandatory procedure to a procedure that requires the permission of all the parties.

The respondent contends that although the arbitration provided for in R.C. 2711.21 requires the consent of the parties, that is not the exclusive route to arbitration. The respondent contends that the general provision for mandatory arbitration contained in Loc.R. 11 is an additional route to arbitration, and is not necessarily inconsistent with the provision for permissive arbitration in R.C. 2711.21.

Glass points out that R.C. 2711.21 specifically relates to medical, dental, optometric, or chiropractic claims. Glass invokes the general principle that a statute or rule of general application should not be construed to extend to cases that have been specifically provided for by a different statute or rule. Furthermore, Glass points out that there is an important practical reason underlying the General Assembly's amendment, in 1987, that made the arbitration of medical claims permissive, rather than mandatory. Glass points out that medical malpractice claims, and the same could be said of dental, optometric, or chiropractic claims, necessarily require substantial expert testimony, on both sides. Thus, it will ordinarily be prohibitively expensive to arbitrate a medical claim, in addition to trying the medical claim. Glass contends that at least one purpose underlying the 1987 amendment was to give each party to a case involving a medical claim the right to refuse to incur the substantial additional expense represented by having to arbitrate that claim.

Additionally, we find the last paragraph of R.C. 2711.21 to have some significance. By indicating that nothing in R.C. 2711.21 "shall be construed to limit the right of any person to enter into an agreement to submit a controversy underlying a medical * * * claim to binding arbitration," the implication is bolstered that R.C. 2711.21 may properly be construed to limit the arbitration of medical claims without any such agreement.

■ We conclude that the mandatory reference of a medical claim to arbitration is inconsistent with the statutory scheme for the permissive arbitration of medical claims set forth in R.C. 2711.21. Statutory provisions prevail over both local rules of court and rules of superintendence. *Krupansky v. Pascual* (1985), 27 Ohio App.3d 90, 27 OBR 110, 499 N.E.2d 899; *Cassidy v. Glossip* (1967), 12 Ohio St.2d 17, 41 O.O.2d 153, 231 N.E.2d 64.

■ At the hearing in this court, counsel for the respondent argued that Glass had failed to exhaust all of his available remedies because he had failed to take exception to the reference to general arbitration. However, counsel for the respondent was forced to concede that the reference to general

arbitration, after two defendants had objected to the initial reference to medical arbitration, would support an inference that it would have been a vain and useless act for Glass to have excepted to the reference to general arbitration. We find that it would have been futile for Glass to have excepted to the reference to general arbitration under the circumstances of this case. We also find that Glass has no adequate remedy at law, by way of an appeal, from the ultimate disposition of his medical claim. The arbitration ordered is non-binding arbitration, so that neither the reference to arbitration, nor any error occurring during the arbitration, would be cognizable in an appeal from the judgment of the trial court finally deciding the claim. Furthermore, the harm that Glass seeks to avoid—his forced participation in the expensive arbitration of a medical claim, with expensive expert witnesses—can only be avoided through the issuance of the extraordinary writ of prohibition.

Because we conclude that Glass has clearly established his entitlement, as a matter of law, to the relief he is seeking, the writ of prohibition is granted.

*Writ granted.*

BROGAN and WOLFF, JJ., concur.