[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 512.]

THE STATE EX REL. HUNTER, APPELLANT, *v.* PATTERSON, JUDGE, APPELLEE.

[Cite as *State ex rel. Hunter v. Patterson*, 1996-Ohio-203.]

*Prohibition to enjoin judge from exercising jurisdiction in a child-support modification motion where parties have previously agreed to and trial court has ordered nonbinding mediation of all postdivorce disputes prior to initiating court action—Petition dismissed, when.*

(No. 95-1759—Submitted April 15, 1996—Decided May 29, 1996.)

APPEAL from the Court of Appeals for Hancock County, No. 5-95-17.

_____

{¶ 1} In 1989, appellant, William J. Hunter, and his wife, Cathryn, entered into a separation agreement and property settlement. They agreed to mediate postdivorce disputes before resorting to court action. Shortly thereafter, appellee, Hancock County Common Pleas Court Judge John T. Patterson, issued a divorce decree incorporating the terms of the separation agreement and property settlement. At the time of the divorce decree and at all pertinent times thereafter, the common pleas court has had local rules that provide that parties "may agree to mediate issues *other than the allocation of parental rights and responsibilities and related matters.*" (Emphasis added.) Domestic Relations Rule 2.26B.

{¶ 2} Cathryn Hunter subsequently authorized the Hancock County Child Support Enforcement Agency to initiate an administrative review of the child support paid by appellant. Appellant refused to participate in the administrative review until the parties attempted mediation. In February 1994, without first resorting to mediation, Cathryn Hunter filed a motion to modify child support in the common pleas court. Judge Patterson overruled appellant's motion to dismiss the postdivorce action and continued the case for additional proceedings on the motion to modify child support.

**{¶ 3}** In May 1995, appellant filed a complaint in the Court of Appeals for Hancock County for a writ of prohibition or, alternatively, a writ of mandamus, to enjoin Judge Patterson from exercising further jurisdiction until mediation of the postdivorce issues and to compel Judge Patterson to order mediation. The court of appeals granted Judge Patterson's motion and dismissed the complaint. The court concluded that appellant "has a plain and adequate remedy via appeal of the order denying his motion to dismiss ***."

**{¶ 4}** The cause is now before the court upon an appeal as of right.

_____

*Oxley, Malone, Fitzgerald & Hollister* and *Michael J. Malone*, for appellant.

*Mark C. Miller*, Hancock County Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

**{¶ 5}** Appellant asserts in his sole proposition of law that where parties have previously agreed to and the trial court has ordered nonbinding mediation of all postdivorce disputes prior to initiating court action, a writ of prohibition or mandamus will issue to preclude court action on a child support modifictaion motion until mediation has first been attempted.

**{¶ 6}** We review the summary dismissal of a complaint upon a finding of an adequate remedy at law by determining if the court of appeals abused its discretion. *State ex rel. Hipp v. N. Canton* (1994), 70 Ohio St.3d 102, 103, 637 N.E.2d 317, 318. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155. In order to dismiss a complaint for a writ under Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint,

after presuming the veracity of all material factual allegations and all reasonable inferences are made in the relator's favor, that the relator can prove no set of facts warranting extraordinary relief. *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806.

{¶ 7} The court of appeals determined that appellant possesses an adequate remedy at law by appealing the overruling of appellant's dismissal motion following the conclusion of the support modification proceedings. The presence of an adequate remedy in the ordinary course of law generally precludes extraordinary relief in prohibition or mandamus. *State ex rel. Hunter v. Certain Judges of the Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723.

{¶ 8} Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123-124, 656 N.E.2d 684, 686. In addition, neither prohibition nor mandamus may be employed as a substitute for appeal from an interlocutory order. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph three of the syllabus.

{¶ 9} It is uncontroverted that Judge Patterson possesses general subject-matter jurisdiction over the child-support modification proceeding. See, *e.g.,* Civ.R. 75(I); R.C. 3109.05. Further, appellant does not claim that Judge Patterson patently and unambiguously lacks jurisdiction, thereby rendering the availability of appeal immaterial.

{¶ 10} Instead, appellant claims that appeal is inadequate because it is not complete, beneficial, and speedy. See *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. In particular, appellant asserts that

appeal following any child-support modification would not be complete or beneficial because any error would not be cognizable in that appeal.

**{¶ 11}** Appellant's contention is meritless. In an appeal following a final order concerning the support issue, a reviewing court could determine that Judge Patterson erred in proceeding on the postdivorce motion without the parties' first resorting to mediation. The reviewing court could vacate any support modification order if it finds that Judge Patterson erred in not granting appellant's dismissal motion. This would afford appellant complete, beneficial, and speedy relief. See *State ex rel. Gibson v. Ray* (July 18, 1995), Lucas App. No. L-95-191, unreported, 1995 WL 428475 (Prohibition does not lie to prevent trial court from ordering that issue of shared parenting be mediated because relator possesses adequate remedy by way of a direct appeal.).

**{¶ 12}** Appellant cites *State ex rel. Glass v. Reid* (1991), 62 Ohio App.3d 328, 575 N.E.2d 516, in support of his contention that appeal would not constitute an adequate remedy at law. In *Glass*, the court of appeals granted a writ of prohibition to preclude reference of a medical malpractice claim to nonbinding arbitration, since such reference was inconsistent with R.C. 2711.21. The court of appeals determined that Glass had no adequate remedy at law by appeal from the ultimate disposition of his medical claim, since any error in the nonbinding arbitration would not be cognizable in an appeal from the judgment of the trial court finally deciding the claim. *Id.*, 62 Ohio App.3d at 332, 575 N.E.2d at 519. Conversely, as discussed previously, any error by Judge Patterson in proceeding prior to mediation on the support issue would be cognizable in an appeal following a judgment. *Glass* is inapposite.

**{¶ 13}** Finally, to the extent that appellant argued below that appeal would be time-consuming and expensive, this argument is insufficient to warrant a finding that the appellate remedy is inadequate and can be circumvented. See *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d

429, 432, 575 N.E.2d 181, 184; *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 200, 638 N.E.2d 74, 77.  As noted by the court of appeals in this case, "[t]he length and expense of litigation and attendant delays associated with an appeal are felt by any litigant dissatisfied by an order of the trial court that is not immediately appealable."

{¶ 14} The court of appeals properly determined that it appeared beyond doubt from the complaint that appellant could prove no set of facts entitling him to extraordinary relief in prohibition or mandamus.  Therefore, the court of appeals did not abuse its discretion in granting Judge Patterson's motion and dismissing the case.  See, *e.g., Daggett, supra; State ex rel. Sobczak v. Skow* (1990), 49 Ohio St.3d 13, 14, 550 N.E.2d 455, 456.  To hold otherwise would permit appellant to use prohibition and mandamus as substitutes for an appeal from an interlocutory order. *Id.*

{¶ 15} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————