JOURNAL ENTRY AND OPINION
Defendants-appellants Lorrie Morgan Productions and Loretta Lynn Morgan aka Lorrie Morgan ("Morgan")[1] have filed an appeal from the jury verdict in the amount of $185,600.00 in favor of plaintiff-appellee Eight Day Sound Systems, Inc. ("EDS") for breach of an oral contract. Morgan also appeals from the order of the trial court granting EDS's motion for prejudgment, interest. For the reasons adduced below, we affirm in part the judgment of the trial court. However, we reverse the trial court's prejudgment interest order and remand this case for further proceedings consistent with this opinion
On or about January 10, 1995, Jeff Hawkins, Morgan's production manager, requested bids from companies to provide sound and lighting services during Morgan's 1995 tour. On January 19, 1995, the president and sole shareholder of EDS, Tom Arko, submitted a proposal to Morgan's representatives, Mr. Hawkins, Curt Wallen, Hoss Keifer and Stephen Phillips. In the proposal, Mr. Arko indicated that EDS's would charge $8,500.00 per week for the tour and $5,000.00 for rehearsals.
At trial, Mr. Arko testified that EDS purchased approximately $15,000.00 of new equipment for Morgan's tour. Starting on January 23, 1995, EDS provided sound services for Morgan's rehearsals. Mr. Arko testified that Morgan's representatives, including Mr. Hawkins, agreed to utilize EDS's services during the upcoming tour, which was set to commence in Waco, Texas on February 3, 1995.
After the fourth rehearsal, Morgan terminated EDS's services. At trial, Mr. Hawkins testified that Morgan only agreed to pay for EDS's actual services during rehearsal. Mr. Hawkins insisted that he did not accept EDS's bid to provide sound services during Morgan's tour.
On April 14, 1998, EDS filed a complaint against Morgan in the Cuyahoga County Court of Common Pleas. In its complaint, EDS averred claims of breach of contract, promissory estoppel, unjust enrichment and partial performance; EDS prayed for a judgment "in excess of $25,000.00."
At a case management conference conducted on or about July 29, 1998, the trial court ordered that the parties complete discovery by October 30, 1998; the court also scheduled the underlying trial for January 6, 1999. On November 24, 1998, EDS filed an amended demand for judgment. In its amended demand, EDS requested compensatory damages in the amount of $296,000.00. On December 7, 1998, Morgan filed a motion for extension of discovery deadline and continuance of trial date. The trial court denied this motion.
The case proceeded to a jury trial on January 6, 1999. The crux of the trial was the conflicting testimony offered by Mr. Arko and Mr. Hawkins. At close of its case, EDS dismissed its claims of unjust enrichment and partial performance. Morgan moved for a directed verdict. The trial court denied Morgan's directed verdict motion as to EDS's breach of contract claim, including EDS's claim of lost profits for the year-long tour. At the close of evidence, the trial court dismissed EDS's promissory estoppel claim.
After deliberation, the jury returned a verdict in the amount of $185,600.00 in favor of EDS and against Morgan. The trial court entered judgment on the verdict. On January 20, 1999, Morgan filed a motion for judgment notwithstanding the verdict or alternatively a new trial or remittitur. On January 28, 1999, Morgan filed a notice of appeal from the verdict of the jury and the trial court's final judgment.
On January 11, 1999, EDS filed a motion for prejudgment interest. In a journal entry filed on March 11, 1999, the trial court awarded EDS prejudgment interest from January 20, 1995. On March 29, 1999, Lorrie Morgan filed a notice of appeal from the prejudgment interest order. On April 1, 1999, this court consolidated Morgan's appeals.
 I. THE TRIAL COURT'S DENIAL OF DEFENDANTS' MOTION FOR CONTINUANCE AND EXTENSION OF DISCOVERY WAS AN ABUSE OF DISCRETION.
In the first assignment of error, Morgan argues that the trial court abused its discretion in denying her motion for additional time to conduct discovery.
The trial court has broad discretion in regulating the discovery process and, therefore, the trial court's decisions on discovery matters will not be reversed absent an abuse of discretion. See Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,592; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55,57. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In the instant case, EDS filed its complaint on April 14, 1998; in its complaint, EDS prayed for judgment "in an amount in excess of $25,000.00." On July 29, 1998, the trial court conducted a case management conference. At the conference, the trial court ordered that discovery be completed by October 30, 1998. Notwithstanding, Morgan failed to conduct any discovery during the allotted time.
On November 24, 1998, EDS filed an amended demand for judgment. In its amended demand for judgment, EDS sought compensatory damages in the amount of $296,000.00. On December 7, 1998, Lorrie Morgan filed a motion for extension of discovery deadline and continuance of trial date. Morgan argues that the amended demand for $296,000.00 constituted a substantial change from EDS's initial prayer for judgment in excess of $25,000.00 and, therefore, she was entitled to additional time to conduct discovery.
EDS notes that $296,000.00 is in excess of $25,000.00 and, therefore, its position on damages never technically changed. EDS also infers that Morgan was aware that it was seeking $296,000.00 in damages. More importantly, Morgan could have easily ascertained EDS's position on damages merely by conducting a short deposition or propounding a simple interrogatory. Any surprise in this regard was due to Morgan's own neglect and failure to conduct any discovery during the allotted time.
Based upon the foregoing, we find that the trial court did not abuse its discretion in denying Morgan's motion for extension of discovery. Morgan's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR A DIRECTED VERDICT.
In her second assignment of error, Morgan contends that the trial court erred in denying her motion for a directed verdict. After EDS presented its case, Morgan moved for a directed verdict on EDS's claim that it was entitled to lost profits for the year-long tour.
In ruling on a directed verdict motion, Civ.R. 50 (A)(4), a trial court must construe the evidence in a light most favorable to the party opposing the motion. Wagner v. Roche Laboratories
(1996), 77 Ohio St.3d 116, 119. The judge may neither weigh the evidence nor determine the witnesses' credibility. Id. The court may direct the verdict only if it finds that reasonable minds could come to one conclusion and that conclusion is adverse to the party opposing the motion. Id.
In the instant case, EDS presented the testimony of its president and sole shareholder, Thomas Arko. Mr. Arko testified that EDS entered into an oral contract with Morgan whereby Morgan agreed to pay EDS $8,500.00 per week to provide sound services during Morgan's year-long tour. Mr. Arko testified that representatives of Morgan, including her production manager, Jeff Hawkins, told him that EDS "had the contract" for the entire tour. Mr. Hawkins was Morgan's only witness. Mr. Hawkins testified that Morgan only hired EDS to provide sound services for her pre-tour rehearsals. According to Mr. Hawkins, Morgan received separate bids from EDS for both rehearsals and the tour. Mr. Hawkins testified that Morgan did not give EDS the contract for the tour.
As noted above, this case turned on the credibility of two conflicting witnesses, Mr. Arko and Mr. Hawkins. Therefore, the trial court did not err in denying Morgan's motion for judgment notwithstanding the verdict.
Likewise, the court did not err in denying Morgan's request for remittitur. In Chester Park v. Schulte (1929), 120 Ohio St. 273, paragraph three of the syllabus, the court set forth the specific criteria that must be met before a court may grant a remittitur: (1) unliquidated damages are assessed by a jury, (2) the verdict is not influenced by passion or prejudice, (3) the award is excessive, and (4) the plaintiff agrees to the reduction in damages. See also Wightman v. Consolidated Rail Corp. (1999),86 Ohio St.3d 431, 444.
Based upon the evidence presented, the jury award of $185,600.00 was not excessive. Moreover, EDS did not assent to a reduction in damages. Accordingly, Morgan's third assignment of error is overruled.
 IV. THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST FROM JANUARY 20, 1995.
In her final assignment of error, Morgan claims that the trial court erred in calculating the award of prejudgment interest from January 20, 1995, which, according to the trial court, was the accrual date of EDS's breach of oral contract claim. Morgan insists that prejudgment interest should have been calculated from the date EDS filed its complaint, April 14, 1998.
Morgan relies on Justice Moyer's dissent in Royal Elec. Constr.Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, for the proposition that EDS was not entitled to prejudgment interest from the accrual date of its breach of contract claim. In his dissent, Justice Moyer stated that he "would not begin the period at the accrual date but rather at the date when an action is filed by the plaintiff." Royal Elec., at 118. However, the majority of the Supreme Court of Ohio clearly found that an award of prejudgment interest should be calculated "for the period of time between accrual of the claim and judgment." Royal Elec., at 117.
We are bound by the position of the majority of the Supreme Court of Ohio on this issue. However, upon review of the record, we note that Morgan breached her oral contract with EDS on January 26, 1995, not January 20, 1995. Therefore, we reverse the trial court's prejudgment interest order. Upon remand, we direct the trial court to calculate prejudgment interest from the accrual date of EDS's claim, January 26, 1995.
The judgment of the trial court is affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings consistent with this opinion.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that the appellee recover of appellants its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM.J and TERRENCE O'DONNELL, J. CONCUR.
 _________________ LEO M. SPELLACY JUDGE
[1] We note that Loretta Lynn Morgan, a country-western entertainer, is the sole proprietor of Lorrie Morgan Productions. For purposes of simplicity, we will refer to Ms. Morgan, her production company, and their representatives as "Morgan".