JOURNAL ENTRY AND OPINION
Plaintiff-appellant Dorothy Porter (appellant) appeals from the orders of the trial court denying Porter's motion for a protective order and, instead, granting defendant-appellee Litigation Management, Inc.'s motion to compel. For the following reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
On or about January 6, 1997, Porter commenced an employment relationship with Litigation Management, Inc. (LMI). On February 19, 1997, LMI terminated Porter.
On December 18, 1997, Porter filed a complaint against LMI and four John and Jane Doe defendants in the Cuyahoga County Court of Common Pleas. In her complaint, appellant averred the following seven counts: breach of contract, breach of implied contract, promissory estoppel, intentional infliction of emotional distress, fraud, negligent misrepresentation, and defamation.
On March 5, 1998, LMI filed a motion to dismiss Porter's complaint. In a journal entry filed on June 10, 1998, the trial court dismissed Porter's claims of negligent misrepresentation and defamation. On October 11, 1998, Porter voluntarily dismissed her claim of intentional infliction of emotion distress. Discovery continued on Porter's remaining claims, viz., breach of contract, breach of implied contract, promissory estoppel and fraud.
On February 2, 1999, LMI filed a motion to compel. In its supporting brief, LMI requested a court order compelling Porter to answer discovery related to her physical and mental state during her employment. In support of its motion, LMI stated in part:
 * * * Defendant contends that Plaintiff was terminated for her irrational and inflammatory behavior toward co-workers, and her inability to deal with the numerous responsibilities of her higher paying executive position.
 Testimony given in Plaintiff's deposition revealed that Plaintiff may have had a physical or mental condition that would explain her behavior and inability to perform. * * *
In particular, Porter acknowledged that she was taking Ritalin during her deposition on December 3, 1998.
On February 12, 1999, Porter filed a motion for protective order. In journal entries filed on February 19, 1999, the trial court granted LMI's motion to compel and denied Porter's motion for protective order. Therefrom, Porter filed a timely notice of appeal with this court.
 I. [THE] TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT'S MOTION TO COMPEL (AND OVERRULED PLAINTIFF'S MOTION FOR PROTECTIVE ORDER)
 THEREBY ALLOWING DEFENDANT UNLIMITED ACCESS TO PRIVILEGED MEDICAL AND PSYCHOLOGICAL INFORMATION WHERE PLAINTIFF DID NOT MAKE HER CONDITION AN ISSUE BY MAKING CLAIMS FOR PHYSICAL OR MENTAL INJURIES.
 II. [THE] TRIAL COURT FURTHER ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT'S MOTION TO COMPEL AND DENIED PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SINCE IT DID SO WITHOUT LIMITATION WHEN DEFENDANT'S REQUESTS ARE ADDITIONALLY OBJECTIONABLE AS THEY ARE VASTLY OVERBROAD AND WERE NOT MADE SUBJECT TO A CONFIDENTIALITY ORDER.
In her first and second assignments of error, Porter argues that the trial court abused its discretion when it granted LMI's motion to compel and denied Porter's motion for a protective order.
Generally, the trial court has broad discretion in controlling the discovery process. See, e.g., BFI Waste Systems of Ohio v. Garfield Hts. (1994), 94 Ohio App.3d 62, 75, citing Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 85; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55. However, an appeal from the interpretation and application of R.C.2317.02(B) should be reviewed as a matter involving an issue of law. Accord Ward v. Johnson's Indus. Caterers, Inc. (June 25, 1998), Franklin App. No. 97APE11-1531, unreported.
In Ohio, the physician-patient privilege is governed by R.C.2317.02(B). As a general rule, a physician may not testify concerning a communication made to the physician by a patient. R.C. 2317.02(B)(1). Privileged physician-patient communication includes medical records. See State v. Bourdess (Oct. 7, 1999), Cuyahoga App. No. 74842, unreported.
However, there are situations where the physician-patient privilege is waived or is otherwise inapplicable. In general, the privilege does not apply when the patient files a civil action. R.C. 2317.02(B)(1)(a)(iii). R.C. 2317.02(B)(1)(a)(iii) is limited in scope by R.C. 2317.02(B)(3)(a), which provides:
 (3)(a) If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code. (Emphasis added.)
Pursuant to R.C. 2317.02(B)(3)(a), [o]nly those communications (which includes medical records) that relate causally or historically to the injuries relevant to the civil action may be discovered. Ward, supra.
Ohio appellate courts have found that the physician-patient privilege does not apply when the patient files a civil action which directly places the patient's physical or mental condition at issue. See Kutz v. Ohio Educ. Assoc. (Mar. 16, 1995), Franklin App. No. 94APE06-781, unreported (Privilege was not applicable because the handicap discrimination charge filed by appellant with OCRC constitutes a civil action which places appellant's physical and mental health at issue because the charge requires a determination both as to whether appellant is handicapped, and whether appellant can safely perform the duties of her job.)
See also Cully v. St. Augustine Manor (Apr. 20, 1995), Cuyahoga App. No. 67601, unreported (Employee's psychological condition was undeniably relevant to her claim that she suffered severe emotional distress.); Humble v. Dobson (Nov. 1, 1996) Champaign App. No. 95-CA-12, unreported (The plaintiff filed a medical malpractice action involving surgery to his left knee and, therefore, waived the physician-patient privilege with regard to all matters causally and historically related to his knee injury.); National City Bank v. Rainer (Aug. 12, 1999), Franklin App. No. 98-AP-1170, unreported ([A]ppellant's counterclaims filed in this case seeking recovery for emotional distress injuries allegedly caused by appellee's conduct constituted a waiver of the physician-patient privilege as to such conditions.).
In the instant case, Porter has four remaining claims against LMI: breach of contract, breach of implied contract, promissory estoppel and fraud. Porter's claims do not directly place her physical or mental condition at issue. Notwithstanding, LMI insists that Porter's mental health was at issue in the instant case because she was terminated for irrational and inflammatory behavior.
Upon review of the record on appeal, we find the trial court failed to make any finding that would justify granting LMI unlimited access to Porter's medical records. We surmise that most, if not all, of the subject medical records will have absolutely no relevance to the issues of the underlying case. As such, the trial court's orders are clearly overbroad in their scope.
Based upon the foregoing, we find that the trial court abused its discretion when it granted LMI unlimited access to Porter's medical records. Porter's first and second assignments of error are sustained. The judgment of the trial court is reversed, and the challenged orders are vacated. Upon remand, we direct the trial court to conduct an in camera inspection of the requested medical records to determine which records, if any, are pertinent to LMI's defense. The trial court should only permit the discovery of medical information that relates to the issues of this case. Further, the release of any relevant medical information must be limited by a confidentiality order.
The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.
 __________________________ LEO M. SPELLACY, JUDGE