OPINION
{¶ 1} Betty Jane Phillips appeals from an order of the court of common pleas dismissing her petition for a writ of mandamus.
 {¶ 2} Phillips is, or was, an inmate of the Greene County jail when she filed her petition. Phillips asked the court to order Respondent, who is the Administrator of the Greene County Jail, to adjust Phillips' jail sentence by awarding her a "good time" credit. The petition further alleged that the credit is required by the terms of a handbook issued to jail inmates. A copy of the page from the handbook containing the provision on which Phillips relies was attached to her petition.
 ASSIGNMENT OF ERROR {¶ 3} "THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ARBITRARILY OVERRULED THE PETITION AND THEREBY DENIED HER DUE PROCESS OF LAW."
 {¶ 4} Phillips argues that her right to due process of law was denied because the court dismissed her petition, sua sponte, six days after it was filed and without giving her notice and an opportunity to be heard concerning the dismissal.
 {¶ 5} Mandamus proceedings are original actions which are civil in character. Therefore, they are governed by the Rules of Civil Procedure.
 {¶ 6} Civ.R. 12(B)(6) authorizes the court, upon motion filed by the responding party, to dismiss a complaint or petition for failure to state a claim upon which relief may be granted. The court may grant the motion only when it appears beyond doubt that the plaintiff can prove no set of facts warranting the relief sought. The rule applies to petitions for writs of mandamus. State ex rel. Hunter v. Patterson,75 Ohio St.3d 512, 1996-Ohio-203.
 {¶ 7} Mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Mandamus can be employed only where there is a clear legal duty to act. It cannot be employed to enforce performance of a discretionary act. State ex rel.City of Niles v. Bernard (1978), 53 Ohio St.2d 31.
 {¶ 8} The section of the Greene County Jail inmate handbook attached to Phillips' petition indicates that the good time sentence reduction she seeks is contingent on the inmate's having "faithfully observed the Rules of Conduct established by the sheriff and by the Common Pleas Courts." Further, it is awarded by the Jail Administrator only after a hearing and upon a showing of good cause.
 {¶ 9} The Jail Administrator's Act is clearly discretionary. A further provision, on which Phillips specifically relies, merely denies the Jail Administrator authority to reduce the inmate's sentence when good cause is shown if the court that ordered the inmate's incarceration has expressly stated that the reduction is not available.
 {¶ 10} Being a discretionary act of an administrative nature, the act which Phillips' petition would have the court order is not one for which mandamus relief is available. That is reasonably clear from a reading of the face of the petition. More importantly, however, the act concerned is not an act which any "law" has specifically enjoined as a duty imposed on the Jail Administrator. It is no more than an internal administrative regulation of the Sheriff's Department. For that reason, and upon a reading of the petition, Phillips is clearly not entitled to the relief she sought.
 {¶ 11} The trial court should have afforded Phillips some form of prior notice and an opportunity to be heard on the grounds for the order it issued dismissing her complaint. The court didn't. However, any resulting due process deprivation is harmless, because dismissal was plainly warranted. Phillips doesn't argue how the lack of notice created any actual prejudice. Therefore, the error was harmless.
 {¶ 12} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.