DECISION AND JUDGMENT
{¶ 1} This is an appeal from the January 15, 2008 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, in a post-divorce proceeding regarding the issues of child support, parenting time, and the division of marital property.
 {¶ 2} Defendant-appellant, James D. Godbey, and plaintiff-appellee, Caren Godbey-Martin, were divorced through a judgment entry of divorce journalized on January 8, 2002. The parties had been married for approximately ten years and had two *Page 2 
children Merit, born in 1995, and Mackenzie, born in 1997. Appellant's imputed income was set at $25,000; appellee's annual income was determined to be $27,000.
 {¶ 3} The 2002 judgment entry of divorce designated appellee as residential parent and legal custodian of the children. Appellant was granted limited, supervised visitation subject to the requirement that appellant provide evidence of ongoing mental health treatment; that supervision be conducted at a facility specializing in parent/child interaction; and that the weekly, supervised visitation be for a minimum of two hours and be conducted on a Saturday or Sunday. Telephone contact with appellant was ordered twice weekly, at 4:00 p.m.
 {¶ 4} Appellant was ordered to pay child support in the sum of $369.80, per month, per child. The payments were suspended for 48 months (until February, 1, 2005) in exchange for appellant's agreement not to execute on a $35,501.28 judgment he was awarded for his interest in the marital home. Appellant was also ordered to pay a percentage of the children's medical expenses that were not covered under appellee's health insurance.
 {¶ 5} Finally, in addition to various other items, appellant was awarded 13 Oriental rugs. Appellee denied possession of the rugs but the court indicated that, if found, they were to be promptly delivered to appellant.
 {¶ 6} Beginning in January 2005, several motions to show cause were filed by the parties. On June 21, 2005, the Lucas County Child Support Enforcement Agency *Page 3 
filed a motion to show cause based upon appellant's alleged arrears in child support payments.
 {¶ 7} On May 23, 2006, the magistrate issued an interim parenting order which provided that appellant would receive parenting time with the children on Saturdays from 11:00 a.m. to 1:00 p.m.; the visits were to be supervised by appellee. In addition, appellant was awarded telephone contact with the children on Wednesdays and Thursdays at 7:00 p.m.
 {¶ 8} A hearing on the various motions was held on August 24 and November 8, 2006.[1] The parties, pro se, both testified and appellant called two witnesses on his behalf. The parties also submitted exhibits into evidence.
 {¶ 9} With regard to the children's extraordinary medical expenses appellee claimed had not been paid by appellant, appellee submitted various bills into evidence *Page 4 
and appellant presented evidence of his payment of certain bills. Appellee denied receipt of any payments; appellee was also uncertain of the exact amounts owed.
 {¶ 10} Appellant testified that, pursuant to the 2002 divorce decree, he did receive mental health treatment and submitted his doctor's progress notes which he claimed he gave to appellee. Appellee denied receipt of the notes.
 {¶ 11} As to parenting time and telephone contact, appellant testified that he attempted to contact the children on numerous occasions but that they were not made available. Appellant also stated that appellee eventually began to return his calls only when it was convenient for her. Appellee argued that, especially during the period when appellant resided in Indiana, the children used the prepaid telephone cards he sent and, after the minutes had been used, they had no way to contact him. Appellee further contended that the children had difficulty contacting appellant because his cell phone would repeatedly be shut off due to nonpayment of the bills.
 {¶ 12} Regarding his attempts at telephone contact, appellant presented the testimony of two witnesses. First, Michael McGinnis testified that he worked with appellant in October 2004, and that he witnessed appellant's attempts to contact his daughter on her birthday. During cross-examination, McGinnis acknowledged that he did not know what telephone number appellant was dialing. Next, David Case testified that appellant lived with him in St. Joseph, Indiana, from 2002 until 2004. Case stated that he observed appellant's numerous attempts to contact his children by telephone. *Page 5 
Case testified that there was often no answer or that the line was busy. McGinnis admitted that he did not observe the telephone numbers that appellant was dialing.
 {¶ 13} Appellant testified that he never received various items awarded to him in the divorce decree; appellee denied having the items but was required, if found, to deliver them to appellant. Such items included 13 Oriental rugs and several items of gold jewelry.
 {¶ 14} Antiques dealer, Charles Loeffler, testified that in late 2004, appellee contacted him to come to her home to appraise/purchase some antiques. Loeffler stated that he purchased a display cabinet and some smaller items. Loeffler testified that appellee showed him 10 to 15 Oriental rugs but that he did not purchase them because the asking price was too high.
 {¶ 15} Upon cross-examination, Loeffler testified that he could not remember the amounts that appellee wanted for the various rugs, just that they were "grossly overpriced." Loeffler also admitted that he had conducted business with appellant but that they do not have a social relationship.
 {¶ 16} Turning to the issue of child support, appellant questioned appellee regarding her 2005 W-2 income tax form. Appellee stated that in September 2005, she began her employment with Wood County; initially, it was a part-time health care position. Appellee denied taking a part-time position so she could get a larger child support amount. Beginning in 2006, appellee's position became full-time. Appellee *Page 6 
testified that she was not going to claim her child care expenses on her 2006 federal income tax form.
 {¶ 17} Appellee was questioned regarding her alleged failure to cooperate during two scheduled depositions. Appellee stated that at the first deposition she answered the questions to the best of her knowledge. Appellee testified that she walked out of the June 1, 2006 deposition because appellant "slammed [his] fist on the table and she was frightened."
 {¶ 18} On May 17, 2007, the magistrate issued his decision. With regard to appellee's request for payment of medical expenses, the magistrate found that the evidence presented was inconclusive and that no medical expense payment was due and owing to appellee.
 {¶ 19} The magistrate concluded that both parties were at fault with regard to appellant's lack of telephone contact with his children. The magistrate ordered that appellant have daily telephone contact with the children before 8:30 p.m. Regarding parenting time, appellant was awarded weekly supervised visits, on Saturday from 11:00 a.m. until 2:00 p.m.
 {¶ 20} The magistrate denied appellant's request to modify child support based on insufficient evidence. The magistrate did not find appellee's engagement in discovery to be contemptuous. With regard to the Oriental rugs and other jewelry items appellant claimed were in appellee's possession, the magistrate found the testimony presented to be unpersuasive. *Page 7 
 {¶ 21} Appellant filed numerous objections to the magistrate's decision. On January 15, 2008, the trial court overruled appellant's objections. This appeal followed.
 {¶ 22} Appellant raises the following eight assignments of error for our consideration:
 {¶ 23} "Assignment of Error I
 {¶ 24} "The court erred in ordering wage withholding without notice and hearing and without calculating a modification of the support order issued at the time of the divorce to reflect the parties' income in the October 14, 2005 pretrial.
 {¶ 25} "Assignment of Error II
 {¶ 26} "The court erred in not doing a child support calculation in the final hearing modifying the child support order.
 {¶ 27} "Assignment of Error III
 {¶ 28} "The court below is guilty of plain error in failing to follow the mandates of O.R.C. 3125.58 and O.R.C. 3125.59.
 {¶ 29} "Assignment of Error IV
 {¶ 30} "The court erred in not ordering sanctions and deposition costs for failure to provide discovery or respond in deposition and in not finding appellee in contempt for failure to supply subpoenaed discovery.
 {¶ 31} "Assignment of Error V
 {¶ 32} "The court erred in not finding appellee in contempt for failure to comply with the interim court order regarding visitation and telephone contact. *Page 8 
 {¶ 33} "Assignment of Error VI
 {¶ 34} "The court erred in not finding appellee in contempt for failure to comply with divorce decree ordered visitation and telephone contact.
 {¶ 35} "Assignment of Error VII
 {¶ 36} "The court erred in not finding appellee in contempt for not returning property found to be appellants in the divorce and in not awarding appellant the oriental rugs or their value.
 {¶ 37} "Assignment of Error VIII
 {¶ 38} "The court erred in requiring psychiatric counseling and telephone contact through the appellee's cell phone."
 {¶ 39} In appellant's first assignment of error he argues that the trial court erred when it ordered the LCCSEA to prepare a wage withholding, without notice or a hearing, for appellant based upon the support order set forth in the divorce decree. In support, appellant relies on R.C. 3121.03.1, which provides that "[i]n any action in which a court support order is issued or modified, the court issuing or modifying the order shall conduct a hearing * * *."
 {¶ 40} In the present case, the magistrate did not issue or modify a support order as set forth in the statute; rather, the magistrate was acting to enforce a current support order. The purpose of a hearing as described in R.C. 3121.03.1 is to collect the types of information necessary to effectuate the income withholding order. At the October 14, *Page 9 
2005 pretrial with LCCSEA, such information was collected. Accordingly, we find that appellant's first assignment of error is not well-taken.
 {¶ 41} Appellant's second assignment of error concerns the magistrate's denial of appellant's motion to modify his child support obligation. Specifically, appellant contends that the magistrate erred by failing to calculate the child support obligation following the hearing. We note that decisions regarding support obligations are within the discretion of the trial court and will not be disturbed without an abuse of discretion. Rock v. Cabral (1993), 67 Ohio St.3d 108.
 {¶ 42} During the hearing, appellant introduced testimony and documents relating to appellee's income. Just after the close of the hearing, while the parties were still before the magistrate, appellant attempted to reopen the proceeding for the limited purpose of submitting evidence of his income in the form of payroll documents. The magistrate refused to receive the evidence and appellant proffered the items for the record.
 {¶ 43} In the magistrate's May 17, 2007 decision, the magistrate denied appellant's motion for modification of child support. The magistrate noted:
 {¶ 44} "At trial, evidence was introduced as to Plaintiffs income for child support purposes. Defendant, however, neglected to introduce any evidence as to his income. After the trial was concluded the Defendant attempted to re-open the proceedings so that evidence of his income could be introduced. The Court declined to re-open the proceedings so the Defendant made a proffer on the record." *Page 10 
 {¶ 45} The court then, denying appellant's motion to modify child support, concluded that: "The Court does not have sufficient evidence to consider the issue of modification of child support."
 {¶ 46} Upon review of the proceedings, we find that the magistrate's refusal to accept appellant's payroll evidence was unreasonable. These proceedings have taken considerable time and resources on the part of the court and the parties. Judicial economy is best served in addressing the issue at this time rather than waiting for subsequent motions and further extension of the proceedings. Appellant's second assignment of error is well-taken.
 {¶ 47} Appellant's third assignment of error asserts that the trial court committed plain error by failing to follow the mandates of R.C. 3125.58 and 3125.59. These sections relate to the time for completion of, inter alia, modification of support orders. Particularly, R.C. 3125.58 provides the following time limits:
 {¶ 48} "(A) Seventy-five per cent of all of the actions shall be completed within six months after the date of initial filing;
 {¶ 49} "(B) Ninety per cent of all of the actions shall be completed within twelve months after the date of initial filing."
 {¶ 50} Appellant argues that because he filed his motion to modify child support on August 4, 2005, and the matter was not decided until May 17, 2007, with a final ruling on the objections issued on January 14, 2008, the ruling should be reversed and the matter remanded for a recalculation of the order. *Page 11 
 {¶ 51} Upon review, we find that appellant's argument is unpersuasive. R.C. 2125.59 plainly states:
 {¶ 52} "The failure of a court to complete a case within the required period does not affect the ability of any court to issue any order under this section or any other section of the Revised Code for the payment of support, does not provide any defense to any order for the payment of support that is issued under this section or any other section of the Revised Code, and does not affect any obligation to pay support."
 {¶ 53} Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 54} In appellant's fourth assignment of error, he argues that the magistrate erred when he failed to sanction appellee for her failure to provide discovery or respond in deposition and when the magistrate failed to find appellee in contempt for failing to provide subpoenaed discovery. When reviewing the trial court's determination on a contempt motion, an appellate court must apply the abuse of discretion standard.Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302. Likewise, the court's ruling on a discovery motion is reviewable under the abuse of discretion standard. Schneider v. Schneider (Mar. 29, 1999), 12th Dist. Nos. CA98-03-007, CA98-03-009, citing State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 57.
 {¶ 55} Upon review of the record below, we cannot say that the trial court abused its discretion when it denied appellant's motions. It is apparent that the history between the parties is quite contentious and the fact that the parties were acting pro se only exacerbated the problem. Appellant's fourth assignment of error is not well-taken. *Page 12 
 {¶ 56} In appellant's fifth assignment of error, he contends that the trial court erred in not finding appellee in contempt for failing to comply with the interim court order regarding parenting time and telephone contact. As stated above, the standard of review on trial court's ruling on contempt proceedings is abuse of discretion.Dozer, supra.
 {¶ 57} In his May 17, 2007 decision, the magistrate found that "[appellant]'s parenting time has not been taking place in a manner desired by both parties;" but that both parties had "some degree of culpability." The court found valid appellee's concern regarding appellant's compliance with the mental health reporting requirement as set forth in the divorce decree. The magistrate further indicated that, with regard to telephone contact, he could not determine whether the lack of contact could be attributed to appellee or appellant. Based on these findings, the court concluded that neither appellant nor appellee should be found in contempt of a court order.
 {¶ 58} Upon review of the evidence presented at the hearing, we cannot say that the trial court abused its discretion when it failed to find appellee in contempt of the court's interim order regarding parenting time and telephone contact. Appellant's fifth assignment of error is not well-taken.
 {¶ 59} In appellant's sixth assignment of error he argues that the magistrate erred in not finding appellant in contempt for failing to comply with the parenting time and telephone contact as ordered in the 2002 divorce decree. Similar to our analysis in appellant's fifth assignment of error, we conclude that the court's determination that both *Page 13 
parties be ascribed fault regarding the lapses in parenting time and telephone contract was not an abuse of discretion. Appellant's sixth assignment of error is not well-taken.
 {¶ 60} Appellant's seventh assignment of error disputes the magistrate's finding that appellee was not in contempt for failing to return property that was awarded to appellant in the divorce decree. Specifically, appellant asserts that the magistrate erred when it refused to order the return of appellant's Oriental rugs or payment of their value. Appellant argues that appellee's testimony regarding the rugs was inconsistent and appellant's proffer of independent witness, Charles Loeffler, was ignored.
 {¶ 61} In its May 17, 2007 decision, the magistrate found Loeffler's credibility to be "unpersuasive." We recognize that the trier of fact, as opposed to this court, is in a far better position to weigh the credibility of witnesses. Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding that appellee was not in contempt of court for failing to deliver appellant's rugs or pay him their cash value. Appellant's seventh assignment of error is not well-taken.
 {¶ 62} In appellant's eighth and final assignment of error he argues that the magistrate erred by requiring appellant to continue psychiatric counseling and to maintain telephone contact with the children through appellee's cellular phone. With regard to psychiatric counseling, the magistrate noted that appellant testified and submitted into evidence progress notes from his mental health professional; appellee claimed that she never received the notes. The magistrate further noted that although appellee agrees that appellant should have parenting time with his children, she feels that it should be *Page 14 
supervised until a mental health professional states that appellant's mental health is acceptable. The magistrate then held that appellant "shall obtain, or continue participation in, mental health treatment and provide documentation of same to the Court Counseling Department."
 {¶ 63} Appellant argues that his admitted need for counseling in 2001, does not equate to a need for counseling in 2006. Upon review, we cannot say that the magistrate abused his discretion in requiring appellant to provide evidence of mental health counseling. The magistrate had been assigned to this case since 1999, and was better able to assess the relevancy of the provision as it was originally set forth in the January 2002 divorce decree.
 {¶ 64} Turning to the telephone contact order, the magistrate determined that if the children were not home at the time of the telephone contact, appellee's cellular phone could be used. Upon review, we cannot say that the magistrate abused its discretion when making this award. Appellant's eighth assignment of error is not well-taken.
 {¶ 65} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part. The matter is remanded for a recalculation of appellant's child support obligation consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. *Page 15 
Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., and Arlene Singer, J. CONCUR.
[1] Specifically, the following motions were before the magistrate: appellant's August 11, 2006 motion to show cause based on appellee's alleged violation of the divorce decree visitation schedule; appellant's August 11, 2006 motion to vacate the trial date to hear contempt action relating to appellee's discovery violations; appellant's August 11, 2006 motion requesting that appellee be ordered to pay for the "failed deposition" of February 6, 2006, and that appellee be sanctioned for walking out of the June 1, 2006 deposition and request for appellee to be deposed under court supervision; appellant's June 1, 2006 motion to modify visitation; appellee's February 6, 2006 motion to show cause with regard to appellant's ongoing mental health treatment and appellant's payment of outstanding medical expenses; appellant's May 15, 2006 motion for an order adopting the court counselor's visitation recommendation; appellant's August 4, 2005 motion to modify child support and visitation, motion to return driving privileges, motion to show cause due to appellee's failure to comply with prior visitation and telephone contact order, and motion to show cause regarding appellee's failure to return appellant's property as ordered by the court. *Page 1