MORRISON ET AL., APPELLEES, *v.*
DEVORE TRUCKING, INC., APPELLANT.

(No. 1622—Decided April 16, 1980.)

*Messrs. Martin, Stimler, Layman & Stamm* and *Mr. James T. Stimler,* for appellees.

*Kauffman, Eberhart, Cicconetti & Kennedy Co., L.P.A.,* and *Mr. Frank Cicconetti,* for appellant.

VICTOR, J. Defendant-appellant, Devore Trucking, Inc., appeals a judgment of $4,659.80 for breach of express and implied warranties and lost wages. We affirm.

Defendant sells used trucks. On September 15, 1976, plaintiffs-appellees, Lawrence Morrison and Robert Bormann, d.b.a. Elmhurst Trucking Company, purchased a 1973 International tractor from defendant to haul freight long distance. The only writing incident to the sale was an invoice which contained the price, a description of the truck, a major power train guarantee, the signatures of the plaintiffs and the initials of an agent for defendant.

While preparing the tractor for their first trip, plaintiffs discovered serious brake difficulties, which defendant repaired free of charge. A few days later the blower malfunctioned and defendant reimbursed plaintiffs for those repairs. After 11,000 miles of use, the tractor suffered two broken pistons. Defendant was unable to service the truck at that time and plaintiffs had the work done elsewhere. Plaintiffs contend that this work was done with the understanding that defendant would pay for the repairs. Defendant denies this. Judgment was granted to plaintiffs on the theories of breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, and estoppel based on the promise to pay for the repairs.

### Assignment of Error No. I.

"The trial court erred in granting Judgment for repair of the 1973 International tractor in the amount of $3,159.80 for the reason that said tractor experienced problems with the major power train components after the period of the express warranty made by Appellant."

The trial court based its decision in part upon three warranty theories. Defendant does not argue that the damages granted are inappropriate under those warranties or that the facts fail to support their breach. Rather, defendant contends that the warranties upon which the trial court based its decision were excluded by the parties. Defendant argues that the warranty on the invoice embodies the entire agreement of the parties and limits defendant's liability to the provisions in the writing. Because there is a writing, defendant argues that the Statute of Frauds and the parol evidence rule prevent proof of

any other warranties or agreements. The trial court found that the invoice did not constitute a written agreement between the parties, and posed no bar to proof of the other warranties.

First, we find that the invoice, initialled by an agent of defendant and signed by plaintiffs, is sufficient writing to satisfy the Statute of Frauds. R. C. 1302.04. The invoice sets forth the quantity of goods, and the price, and is sufficient to indicate that a contract for sale was made between the parties. The invoice also includes the following:

"This unit sold with the Major Power Train components guaranteed on a 50-50 Basis for a period of 30 days or 5,000 miles (our shop only)."

Plaintiffs argue that this warranty is in addition to an oral express warranty that the truck could be driven 200,000 miles without a major overhaul. We disagree. The written warranty, as set forth in the invoice, was intended by the parties to be a final expression of their agreement with respect to the terms of the express warranty for the major power train of the truck. R. C. 1302.05. While the Uniform Commercial Code favors flexibility in the application of the parol evidence rule, the oral warranty urged by plaintiffs neither explains nor supplements the written provisions and may not be used to contradict the writing under R. C. 1302.05. This does not, however, preclude the trial court from hearing evidence that the express warranty was modified by a subsequent agreement of the parties.

Defendant argues that this express warranty, once established, limits the implied warranties of merchantability (R. C. 1302.27) and fitness for a particular purpose (R. C. 1302.28). Defendant bases this argument on R. C. 1302.30(C) which provides:

"Express warranties displace inconsistent implied warranties other than an implied warranty of fitness for a particular purpose."

The argument is without merit. By its terms, R. C. 1302.30(C) does not apply to an implied warranty of fitness for a particular purpose; and, an implied warranty of merchantability may only be limited or excluded pursuant to R. C. 1302.29(B). The invoice meets none of the requirements for a R. C. 1302.29 exclusion of the warranty of merchantable quality.

Ben Johnson, co-owner of defendant, admitted his aware-

ness of the particular purpose for which the vehicle was to be used by plaintiffs as well as their reliance on his expertise. Defendant is a merchant. Therefore, both warranties of fitness and merchantability are applicable to defendant, and the invoice operated to exclude neither. No other evidence that the warranties were excluded by the parties is offered. The trial court did not err in proceeding to make a factual determination regarding breach of these warranties by defendant.

### Assignment of Error No. II.

"The trial court erred in finding that the Appellant promised to pay for the repair work of the 1973 International tractor in the amount of $3,159.80 and that justice could only be avoided by enforcement of the Appellant's promise to pay for such work."

Defendant raises two arguments on this issue, failure of consideration and failure of proof of modification. Subsequent acts and agreements may modify the terms of a contract, and, unless otherwise specified, neither consideration nor a writing is necessary. R. C. 1302.12. The truck was repaired without charge at defendant's garage on an earlier occasion, and defendant reimbursed plaintiffs for other repairs. There is conflicting evidence whether defendant authorized the work at issue. The question of modification is properly for the trier of fact and the record provides sufficient support for the court's determination.

### Assignments of Error Nos. III and IV.

"The trial court erred in granting Judgment for loss of income in the amount of $1,500.00 for the reason that such special damages were not specifically set forth in Appellees' Complaint."

"The trial court erred in granting Judgment in the amount of $4,659.80 because said amount is in excess of the demand in the Complaint which was for only $3,191.94."

Plaintiffs' complaint states, in part:

"***plaintiffs have been damaged in the amount of $3,191.94, plus reasonable, incidental and consequential damages for compensation for the period during which the vehicle was inoperable;***."

Plaintiffs requested "***judgment in the amount of $3,191.94, or such other amounts as they may prove to be a

direct and proximate loss of wages resultant from defendant's conduct, * * *."

In Assignments of Error Nos. III and IV, defendant argues that this language is insufficient to set forth special damages above and beyond the $3,191.94 repair amount prayed for. Civ. R. 9(G) provides:

"When items of special damage are claimed, they shall be specifically stated."

Loss of earnings is an item of special damages which must be specifically stated pursuant to Civ. R. 9(G). The purpose of this rule is to avoid surprise and alert opposing counsel to the type of evidence which will be introduced.

"* * *Those rules [the Federal Rules of Civil Procedure] liberalize the requirements of pleading so that an allegation of special damages is sufficient when it notifies the defendant of the nature of the claimed damages even though it does not delineate them with 'as great precision as might be possible or desirable.' * * *." *Continental Nut Co.* v. *Robert L. Berner Co.* (C.A. 7, 1965), 345 F. 2d 395, 397.

The amount of special damages need not be specifically pleaded. *United Ins. Co.* v. *B.W. Rudy, Inc.* (E.D. Pa. 1967), 42 F.R.D. 398. Plaintiffs' complaint specifically prays for $3,191.94 and such other amounts "as they may prove to be a direct and proximate loss of wages* * *[resulting] from defendant's conduct." We find this is sufficient to put defendant on notice. The judgment of the Wayne County Municipal Court is affirmed.

*Judgment affirmed.*

BELL, P. J., and MAHONEY, J., concur.