CENTER RIDGE GANLEY, INC. et al., Appellees and Cross–Appellants,

v.

STINN et al., Appellants and Cross–Appellees.

[Cite as *Center Ridge Ganley, Inc. v. Stinn* (1991), 71 Ohio App.3d 514.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 57109, 57110.

Decided March 25, 1991.

*Reminger & Reminger Co., L.P.A., George S. Coakley* and *Frank Aveni,* for appellees and cross-appellants.

*Morganstern & MacAdams Co., L.P.A.,* and *Stanley Morganstern,* for appellants and cross-appellees.

---

PARRINO, Judge.

The defendants, Barbara J. Stinn, Edmund A. Stinn and Ed Stinn Chevrolet, Inc. ("sellers"), appeal the trial court's award of $68,488.55 to plaintiffs, Center Ridge Ganley, Inc., Tomlo, Inc. and Ganley Chevrolet, Inc. ("buyers"). The cause arose from the buyers' attempted purchase of a Fairview Park Automobile dealership and related assets from the sellers. The Supreme Court of Ohio, in *Center Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 31 OBR 587, 511 N.E.2d 106, affirmed a trial court determination that the buyers breached the contract, and denied the buyers relief in the form of specific performance. The court, however, reversed and remanded the case for a determination of damages the sellers caused the buyers in failing to perform their contractual obligations. Upon remand, the court assessed $68,488.55 in damages against the sellers.

On appeal, the sellers raise six assigned errors [1] challenging the trial court's award on procedural and substantive grounds. The buyers cross-appeal in two assignments of error [2] which controvert the court's rulings regarding discovery and the award of attorney fees. Upon review, we are compelled to affirm the judgment of the trial court.

In their first assigned error, the sellers challenge this court's jurisdiction to hear the instant appeal. The sellers argue there is no final appealable order due to the failure of the trial court to issue findings of fact and conclusions of law, pursuant to the Civ.R. 52 requests of both parties.

Civ.R. 52 sets forth in relevant part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"* * *

---

1. See Appendix.

2. See Appendix.

"An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2)."

 It has been held that a judgment entry, though not styled as "findings of fact and conclusions of law," complies with Civ.R. 52 mandates where it recites sufficient facts and legal conclusions which, when combined with the entire record, provide an adequate basis upon which to review the issues presented. *Stone v. Davis* (1981), 66 Ohio St.2d 74, 20 O.O.3d 64, 419 N.E.2d 1094; *In re Schoeppner* (1976), 46 Ohio St.2d 21, 75 O.O.2d 12, 345 N.E.2d 608; *Stephan's Machine & Tool v. D & H Machinery Consultants* (1979), 65 Ohio App.2d 197, 19 O.O.3d 155, 417 N.E.2d 579; *Smith v. Smith* (June 14, 1987), Cuyahoga App. No. 52372, unreported, 1987 WL 12612; *Quirino v. Washington & Jefferson Mut. Ins. Co.* (Aug. 4, 1983), Cuyahoga App. No. 45483, unreported, 1983 WL 5616.

 In addition to its half-sheet judgment entry, the court in this case detailed the factual and legal basis of its decision in a three-page opinion, also styled a "judgment entry." We find this sufficient to comply with the mandate of Civ.R. 52.

" * * * [F]orm will not be elevated over substance and, therefore, a ruling setting forth, as in the case *sub judice*, separate statements of fact and law complies with Civ.R. 52 even though it is not entitled 'findings of fact and conclusions of law.' " *Smith, supra*, at 4.

This assignment of error is not well taken.

The sellers' second through fifth assigned errors contest the $68,488.55 damage award against them.

The sellers' second assigned error charges that the court erred in awarding compensatory damages because the buyers failed to request such damages in their complaint, and also failed to amend their demand not later than seven days before trial began, as mandated by Civ.R. 54(C). The sellers' fifth assignment of error avers the court erroneously amended the buyers' demand for relief, at the close of their case, to conform to the evidence presented, pursuant to Civ.R. 15(B).

The buyers, in their complaint and verified amended complaint, prayed for specific performance of the contracts for the sale of real estate and assets. They also requested recovery of costs, including reasonable attorney fees, as well as punitive damages in the sum of $100,000.

After a bifurcated trial on the specific performance claim, the court entered judgment for the sellers, denying the buyers specific performance and also

disallowing further hearings on their damage claims. A panel of this court affirmed that decision. *Center Ridge Ganley, Inc. v. Stinn* (July 28, 1986), Cuyahoga App. No. 51074, unreported, 1986 WL 7928. The Supreme Court, however, held:

"We believe that under the facts of the instant cause, the better view is that which recognizes a claim for specific performance and a claim for money damages arising out of the same factual context as representing different causes of action. Therefore, we agree with appellants that a finding that a party is not entitled to the equitable relief of specific performance is merely a denial of one special form of damages. In our opinion, such a denial of specific performance should not necessarily preclude, by way of *res judicata*, an action for money damages. Thus, we are persuaded by Judge Markus' rationale in his dissenting opinion below where he stated, ' * * * I would reverse the judgment which denies the buyer any relief for the sellers' calculated breach of the agreements. The trial court had discretion to deny equitable relief because the buyer had not completed its performance after the sellers' anticipatory breach.'

"In addition, in reversing the trial court on this issue, we are mindful of the fact that the evidence and testimony proffered below related solely to the equitable request of specific performance. Upon remand, the trial court should determine any damages which the appellees caused the appellants by failing to satisfy their contractual obligations." *Center Ridge Ganley, supra,* 31 Ohio St.3d at 315, 31 OBR at 591, 511 N.E.2d at 110.

The Supreme Court adopted the reasoning of Judge Markus in his dissent to the court of appeals judgment:

"The trial court had ample evidence to find that the contracts produced a single transaction for the sale of an automobile dealership. However, the documents and the testimony demonstrated beyond dispute that the transaction was contingent principally on General Motor's approval for that sale.

"Nothing in the documents and none of the testimony supports a finding that the time for closing any part of the deal was an essential element of the transaction. Originally, the seller's creditors may have demanded an expeditious sale which ensured their early payment, to refrain from obstructing the transaction. However, there was no evidence that any creditor sought to foreclose its lien against the seller or otherwise disrupt the sale when it did not close on schedule.

"The parties obviously presumed that General Motors would approve the sale before the closing dates stated in their contract documents. When General Motors delayed that approval, for reasons beyond the control of

either contracting party, the parties necessarily delayed the conclusion of their transaction.

"Thus, I would reverse the judgment which denies the buyer any relief for the sellers' calculated breach of the agreements. The trial court had discretion to deny equitable relief because the buyer had not completed its performance after the sellers' anticipatory breach. Therefore, I would remand the case for a determination of any damages which the sellers caused the buyer by failing to satisfy their contractual obligations."

The Supreme Court limited the scope of its remand to " * * * determine any damages which the [sellers] caused the [buyers] * * *." *Center Ridge Ganley, supra,* 31 Ohio St.3d at 315, 31 OBR at 591, 511 N.E.2d at 110. On remand, the trial court properly confined its authority to this damage issue. *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 523 N.E.2d 489, paragraphs one and two of the syllabus; *Mast v. Doctor's Hosp. North* (1976), 46 Ohio St.2d 539, 75 O.O.2d 556, 350 N.E.2d 429. In examining the Supreme Court edict in the context of its reliance on the Markus rationale, it is clear that its decision finally settled the issue of breach and became the law of the case for both the trial and reviewing levels. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410; *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 537 N.E.2d 665; *Blackwell v. Internatl. Union, U.A.W.* (1984), 21 Ohio App.3d 110, 21 OBR 117, 487 N.E.2d 334.

Civ.R. 15(B) sets forth a liberal policy concerning the amendment of pleadings. The rule provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

■ Where, as here, a party objects to evidence on the ground that it is outside the pleadings, the trial court shall freely amend the pleadings where, to do so, would subserve the merits of the case and where the objecting party

does not satisfy the court that such evidence will seriously disadvantage him in presenting his case. *Hall v. Bunn* (1984), 11 Ohio St.3d 118, 11 OBR 417, 464 N.E.2d 516.

In the instant case the scope of the Supreme Court remand order dictated that the only issue to be considered was one not specifically pleaded by the parties. The parties were aware of what issue was to be litigated and had a fair opportunity to present their respective positions and to extensively cross-examine their opponents' witnesses. Under the entire circumstances of the case, we find the trial court properly amended the pleadings, pursuant to the buyer's motion, to conform to the evidence presented in response to the Supreme Court remand order. *Hall, supra; State ex rel. Evans v. Bainbridge Twp. Trustees* (1983), 5 Ohio St.3d 41, 5 OBR 99, 448 N.E.2d 1159; *Burton v. Middletown* (1982), 4 Ohio App.3d 114, 4 OBR 205, 446 N.E.2d 793.

The trial court also properly heeded the policy dictates of Civ.R. 54(C) in awarding $68,488.55 in damages to the buyers. Civ.R. 54(C) limits the claimant to the sum set forth in the demand, unless amended no later than seven days before the commencement of. trial. *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544; *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App.3d 99, 529 N.E.2d 958. The purpose of the rule is to put the defendant on notice of his total potential liability prior to trial. *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 20 OBR 213, 485 N.E.2d 704; *Mers, supra.* For this reason, the type of damages awarded need not be identical to that pleaded, so long as the total final award does not exceed the amount of damages requested in the complaint. *Bishop, supra; Mers, supra.*

We find the $68,488.55 award of compensatory damages to be in compliance with Civ.R. 54(C) since it did not exceed the buyers' original prayer for $100,000 in punitive damages.

In their third and fourth assignments of error, the sellers charge that the court improperly awarded the buyers $68,488.55 as special damages neither specifically pleaded nor actually proven.

The buyers put forth physical and testimonial evidence of numerous types of damages they purportedly suffered as a result of the breached contract with the sellers. The court, in its judgment entry, found only the $68,488.55 in expenses, summarized in O'Donnell exhibit 28, to be "satisfactorily proven" expenses " * * * incurred because of the [sellers'] breach."

Civ.R. 9(G) requires that special damages be specifically pleaded. The purpose of this rule is to avoid surprise by informing opposing counsel of the nature of the damage claim and the type of evidence which will be adduced. *Morrison v. Devore Trucking, Inc.* (1980), 68 Ohio App.2d 140, 22

O.O.3d 252, 428 N.E.2d 438. A prayer requesting amounts directly " ' * * * [resulting] from defendant's conduct' " has been held to be sufficient notice to satisfy Civ.R. 9(G). *Id.* at 144, 22 O.O.3d at 254, 428 N.E.2d at 442, quoting *United Ins. Co. v. B.W. Rudy, Inc.* (E.D.Pa.1967), 42 F.R.D. 398.

█ Regardless of whether the damages in this case are styled "compensatory" or "special," as we have already noted, the purpose of including a demand for damages in the pleadings is to notify the opposing party of its potential liability. *Bishop, supra; Mers, supra; Morrison, supra.* The proceeding from which this appeal was taken focused exclusively on the Supreme Court remand order to " * * * determine any damages which the [sellers] caused the [buyers] * * *." *Center Ridge Ganley, supra,* 31 Ohio St.3d at 315, 31 OBR at 591, 511 N.E.2d at 110. Further, the court amended the pleadings, pursuant to Civ.R. 15(B), specifically to conform to that edict. There is no question that the parties were aware of the type and potential amount of damages involved and the proof which would be adduced. The mandate of Civ.R. 9(G) was satisfied.

█ We also note again that the court, in its judgment entry, found the $68,488.55 to be "satisfactorily proven" expenses " * * * incurred because of the [sellers'] breach." A reviewing court will not reverse a trial court's finding, where, as here, it is supported by substantial evidence that the disputed expenses were incurred as a result of the breached contract. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.

The second, third, fourth and fifth assignments of error fail.

The sellers' sixth assigned error contends the trial court erroneously denied their motion for a directed verdict at the close of the plaintiff's case.

█ Where, as here, the sellers failed to renew their Civ.R. 50(A) motion at the conclusion of all the evidence, they have waived their right to appeal the denial of the original motion. *Chemical Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 556 N.E.2d 490; *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464.

This assignment of error is not well taken.

The buyers' first cross-assignment of error challenges the court's denial of their request for discovery of and its refusal to admit into evidence the financial records of Ed Stinn Chevrolet. The buyers sought the tax returns, financial statements, monthly operating reports and all sales and service agreements of the dealership for 1985–1988 in an effort to prove lost profits. The court subjected this information, which it ultimately deemed irrelevant, to a stipulated protective order to ensure its confidentiality.

 Civ.R. 26(B)(1) provides for a policy of liberal discovery designed to narrow and sharpen the issues to be litigated. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659; *Stegawski v. Cleveland Anesthesia Group* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902; *Smith v. Klein* (1985), 23 Ohio App.3d 146, 23 OBR 387, 492 N.E.2d 852. A reviewing court will only reverse a trial court decision in a discovery matter where it has abused its broad discretion. *Stegawski, supra.* Likewise, where, as here, the cause is tried by the bench, the court is presumed to have considered the relevant, material and competent evidence unless the appellant demonstrates otherwise. *State v. Post* (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754, 759.

 A plaintiff in a breach of contract action may recover lost profits only if they "(1) * * * were within the contemplation of the parties at the time the contract was made, (2) the loss of profits is the probable result of the breach of contract, and (3) the profits are not remote and speculative and may be shown with reasonable certainty." *Charles R. Combs Trucking, Inc. v. International Harvester Co.* (1984), 12 Ohio St.3d 241, 12 OBR 322, 466 N.E.2d 883. A new business cannot recover lost profits damages. *A.G.F., Inc. v. Great Lakes Heat Treating Co.* (Feb. 16, 1989), Cuyahoga App. No. 55011, unreported, 1989 WL 12934; *Schechter v. Flavor Kitchens* (Jan. 31, 1985), Cuyahoga App. No. 48552, unreported, 1985 WL 7485.

The buyers attempted to purchase the real estate and assets of Ed Stinn Chevrolet. The buyers did not purchase the "Ed Stinn Chevrolet" trade name or its business. The buyers, in fact, sought their own franchise from General Motors as well as their own corporate identity. The buyers were embarking on a new business venture and to attempt to calculate what its potential profits might have been would be speculative. Accordingly, we find the trial court did not abuse its discretion in deeming the sellers' financial data as irrelevant to the issues to be properly litigated.

This cross-assignment of error fails.

The buyers' second cross-assignment of error charges that the trial court erroneously failed to award them attorney fees as mandated by indemnification clauses contained in both the sale of real estate and sale of assets contracts between the parties.

 The indemnification agreements require each party to indemnify the other for all damages and fees. An agreement to indemnify another for legal fees is generally enforceable. *Worth v. Aetna Cas. & Sur. Co.* (1987), 32 Ohio St.3d 238, 513 N.E.2d 253. We note, however, that the trial court retains the discretion to determine if an attorney fee award is warranted.

*Rand v. Rand* (1985), 18 Ohio St.3d 356, 18 OBR 415, 481 N.E.2d 609; *Blum v. Blum* (1967), 9 Ohio St.2d 92, 38 O.O.2d 224, 223 N.E.2d 819; *Harpole v. Harpole* (1986), 27 Ohio App.3d 289, 27 OBR 334, 500 N.E.2d 915; *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 21 O.O.3d 429, 425 N.E.2d 961. We cannot find the trial court abused its discretion where, as here, all parties agreed to indemnify their opponents and all parties breached contract terms.

This cross-assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, P.J., and FRANKLIN, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

ROBERT V. FRANKLIN, J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.

## APPENDIX

Appellant's assignments of error are:

### I

"Because the judgment entry journalized on December 22, 1988 did not contain or constitute findings of fact and conclusions of law, the trial court committed prejudicial error when it denied plaintiffs' and defendants' requests for findings of fact and conclusions of law."

### II

"The trial court committed prejudicial error when it failed to announce its decision and render judgment pursuant to Ohio Civil Rules 52 and 58."

### III

"Because neither the original complaint nor the verified amended complaint requested compensatory damages and because plaintiffs never amended their complaint pursuant to Ohio Civil Rule 54(C) to request such damages, the trial court committed prejudicial error in awarding plaintiffs compensatory damages."

## IV

"Because neither the original complaint nor the verified amended complaint pleaded special damages, the trial court committed prejudicial error in allowing plaintiffs to submit evidence of special damages."

## V

"Because neither the original complaint nor the verified amended complaint pleaded special damages, the trial court committed prejudicial error in awarding plaintiffs special damages."

## VI

"The trial court committed prejudicial error in awarding plaintiffs special damages because plaintiffs failed to prove special damages."

## VII

"Because Ohio Civil Rule 15(B) does not apply to attempts to amend a demand for relief in the middle of trial and because Ohio Civil Rule 54(C) mandates that no damage award may exceed the demand for relief in effect on sixth day prior to trial, the trial court committed prejudicial error in granting plaintiffs' motion to amend their prayer during trial."

## VIII

"Because plaintiffs were not entitled to damages as a matter of law, the trial court committed prejudicial error in denying defendants' motion for directed verdict."

Ganley's assignments of error are:

## I

"The trial court erred in denying Ganley's request for discovery as to the financial records of Ed Stinn Chevrolet, Inc."

## II

"The trial court erred in failing to award attorney fees to Ganley pursuant to the terms of the contracts between the parties."