JOURNAL ENTRY AND OPINION
On June 13, 2000, the relator, Richard Reid, commenced this mandamus action against the respondent, the Cleveland Municipal Court, to compel the respondent to issue findings of fact and conclusions of law in the underlying case, David M. McClinton v. Richard Reid, Cleveland Municipal Court Case No. 2000CVI0004378, and to order the repondent to rehear the case or to process his counterclaim. Throughout most of the petition Mr. Reid reargued the underlying controversy or listed errors made by the trial court. On July 11, 2000, the respondent filed a "Reply brief to relator's petition for writ of mandamus" which argued that mandamus is inappropriate because Mr. Reid's remedy was appeal. On July 20, 2000, Mr. Reid filed an "Amendment, supplemental addendum brief to retitle claim; to ask counsel be appointed. To set a date to convene a hearing." In this filing he stated that he was trying to file a petition of redress as was his right; if the form was wrong, then he "wishes to alter and supplement the title not text of the preceding petition to indicate direct appeal." On July 26, 2000, this court converted the respondent's reply brief to a motion for summary judgment and allowed Mr. Reid twenty-one days to respond. Mr. Reid never filed anything else. For the following reasons, this court grants the respondent's motion for summary judgment.
The underlying case was a motor vehicle accident tort case. Mr. McClinton filed his complaint on February 28, 2000. The docket does not indicate that Mr. Reid filed a counterclaim. A magistrate heard the case on April 27, 2000, found that Mr. Reid was at fault and awarded Mr. McClinton $735.00. Subsequently, Mr. Reid requested findings of fact and conclusions of law (a copy of which is attached hereto). On June 19, 2000, the trial judge after review approved and confirmed the findings and report of the magistrate and entered judgment against Mr. Reid (a copy of which is attached hereto).
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressleyv. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregulatities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan
(Sept 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath
(1997), 78 Ohio St.3d 33, 564 N.E.2d 108; State ex rel. BoardwalkShopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extra-ordinary remedy which is to be exercised with caution and only when the right is clear. It should no issue in doubtful cases. Stateex rel. Taylor v. Glasser(1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. ClevelandBoard of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; andState ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
Thus, to the extent that Mr. Reid is seeking a direct appeal or asking that this court redress errors in the municipal court proceedings, such as the verdict was against the weight of the evidence, judicial bias, or application of the wrong law, mandamus is not the proper remedy and will not lie. Appeal is or was the proper remedy. Moreover, the filing of a notice of appeal pursuant to the Rules of Appellate Procedure is the only way to commence an appeal. A plea to amend a petition in mandamus to a direct appeal is inappropriate and ineffective.
Mandamus will also not lie to compel the respondent to issue findings of fact and conclusions of law, because the respondent has satisfied that duty. The purpose of separately stated findings of fact and conclusions of law is to aid an appellate court in its review of the trial court's decision. Giurbino v. Guirbino (1993),89 Ohio App.3d 638, 626 N.E.2d 1017; Abney v. Western Reserve MutualCasualty Co. (1991), 76 Ohio App.3d 424, 602 N.E.2d 348; and Davis v.Wilkerson (1986), 29 Ohio App.3d 100, 503 N.E.2d 210. If the court's ruling together with other parts of the record provides an adequate basis upon which to decide the legal issues presented, then there is substantial compliance with Civil Rule 52 to make findings of fact and conclusion of law. Davis; Center Ridge Ganley, Inc. v. Stinn
(1991), 71 Ohio App.3d 514, 594 N.E.2d 1064; and Giurbino. Both this court in Giurbino, 89 Ohio App.3d at 661, and the Tenth District Court of Appeals in Dunson v. Aldrich (1988), 54 Ohio App.3d 137,561 N.E.2d 972, have ruled that "[a] trial court does not abuse its discretion when it fails to make separate findings of fact and conlusions of law pursuant to a Civ.R. 52 motion, but instead issues an order adopting the findings and conclusions of the court's referee." In the present case, the magistrate prepared findings of fact and conclusions of law, and the trial court specifically approved and confirmed them. Therefore, the respondent has sufficiently fulfilled its duty to issue findings of fact and conclusions of law so that mandamus will not issue.
Accordingly, this court grants the respondent's motion for summary judgment and denies the relator's application for a writ of mandamus. Costs assessed against relator.
TERRENCE O'DONNELL, J., CONCURS.