[Cite as *White v. Cleveland*, 2013-Ohio-3007.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99400

---

## HERSHEL WHITE

### PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-667908

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
James C. Cochran
Assistant Director of Law
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Plaintiff-appellant Hershel White ("White") appeals a judgment of the trial court denying his motion for an award of back pay. We find no merit to the appeal and affirm.

{¶3} White resigned from his employment as a waste collection foreman with defendant-appellee, city of Cleveland ("the city"), after being found guilty of three counts of criminal usury. White's convictions were later vacated on appeal. *See State v. White*, 8th Dist. No. 89085, 2007-Ohio-5951. White subsequently asked the city to reinstate him to his former position, but the city refused. In August 2008, White initiated the instant action for injunctive relief against the city seeking reinstatement to his former employment.

{¶4} The parties filed cross-motions for summary judgment. The trial court denied White's motion and granted the city's motion, finding that White was not entitled to reinstatement to his former employment. This court reversed the trial court's judgments. In accordance with this court's mandate, the trial court ordered that White be rehired and the city rehired him on June 26, 2012.

**{¶5}** In July 2012, White filed a motion seeking an award of back pay for the period of time from October 23, 2006, the date he resigned, to June 26, 2012, the date he was rehired. White requested back pay in the amount of $279,041.20. The trial court denied the motion for back pay and this appeal followed.

**{¶6}** In his sole assignment of error, White argues the trial court erred in failing to award him back pay after being reinstated to his former position. White contends he is entitled to back pay because: (1) the appellate court ordered reinstatement of his employment; and (2) the city's personnel policy requires the city to provide him with back pay. We disagree.

**{¶7}** In the complaint, White sought an order of reinstatement to his former position of employment. However, he never stated a claim for back pay and never requested any monetary damages. Although his prayer for relief generally seeks: "other and further relief as is just and equitable," a claim for back pay must be plead as special damages pursuant to Civ.R. 9(G).

**{¶8}** Civ.R. 9(A) states: "When items of special damage are claimed, they shall be specifically stated." The Rules Advisory Committee Staff Notes define "special damages" as "a damage measurable by proof of market value or out of pocket expense." In *Morrison v. Devore Trucking Inc.*, 68 Ohio App.2d 140, 144, 428 N.E.2d 438 (9th Dist. 1980), the court held that loss of earnings is an item of special damages.[1] The court

---

[1] *See also Hughes v. Rogers*, 4th Dist. No. 488, 1983 Ohio App. LEXIS 13526 (Oct. 26, 1983) (holding that loss of earnings is an item of special damages, which must be specifically stated pursuant to Civ.R. 9(G))

explained that this special pleading requirement is intended to avoid surprise by requiring the pleader to provide specific notice of measurable losses at the pleading stage. *Id.* at 144. Indeed, "[o]ne purpose of the Civil Rules is to 'eliminate surprise' and this is accomplished by requiring the 'free flow of accessible information.'" *Jones v. Murphy*, 12 Ohio St.3d 84, 86, 465 N.E.2d 444 (1984). When notice is provided at the commencement of litigation, the opposing party knows generally what kind of evidence will be offered in support of the claim and will have an opportunity to prepare a defense.

{¶9} The complaint in this case was filed over four years ago on August 15, 2008. The caption of the complaint states: "Complaint for Injunctive Relief." As previously stated, the prayer for relief in the complaint merely asks for a court order, reinstating White to his former position with the city. White never amended the complaint to add a claim for back wages and there was no issue of back wages when the court ruled on the parties' motions for summary judgment in October 2009. White raised the issue of back wages for the first time after this court reversed the summary judgments and his employment was reinstated. Therefore, White failed to specifically allege a claim for back pay, and the trial court could not award back pay.

{¶10} The sole assignment of error is overruled.

{¶11} Judgment affirmed. It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR