[Cite as *White v. Cleveland*, 2014-Ohio-3926.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101167

## HERSHEL WHITE

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-812344

**BEFORE:**    Boyle, A.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**    September 11, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio    44113-2098

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
Jonathan P. Barra
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue
Suite 106
Cleveland, Ohio 44114

MARY J. BOYLE, A.J.:

{¶1}  Plaintiff-appellant, Hershel White, appeals the trial court's sua sponte dismissal of his complaint for back pay against defendant-appellee, the city of Cleveland ("the city").  Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶2}  The record reveals that in October 2006, White resigned from his employment as a waste collection foreman with the city, after being found guilty of three counts of criminal usury.  White's convictions were later vacated on appeal.  *See State v. White*, 8th Dist. Cuyahoga No. 89085, 2007-Ohio-5951.  White subsequently asked the city to reinstate him to his former position, but the city refused.

{¶3} In August 2008, White filed an injunctive action in the Cuyahoga County Court of Common Pleas, Cuyahoga C.P. No. CV-667908, seeking reinstatement to his position.  The parties filed cross motions for summary judgment.  The trial court granted the city's motion for summary judgment and denied White's motion for summary judgment, finding that White was not entitled to reinstatement.  On appeal, however, this court reversed the trial court's decisions and remanded the case.  *See White v. Cleveland*, 8th Dist. Cuyahoga No. 94212, 2010-Ohio-4357 ("*White Appeal I*").

{¶4} On remand, White filed a motion seeking an award of back pay in the amount of $279,041.20 for the period of time that he resigned to the date that he was rehired. The trial court denied the motion, and White appealed again.  This court affirmed the

trial court's denial of back pay. *See White v. Cleveland*, 8th Dist. Cuyahoga No. 99400, 2013-Ohio-3007 ("*White Appeal II*").

{¶5} One month after this court issued its opinion, White filed the underlying action, alleging that he is entitled to an award of $279,041.20 in back pay after being reinstated to his former position with the city. The underlying case, therefore, is White's second attempt to collect back pay from the city.

{¶6} In his complaint, White specifically identified this court's holding in *White Appeal I*, but omitted any reference to *White Appeal II*.

{¶7} The city answered the complaint, asserting several affirmative defenses, including that White's claim was barred by the doctrine of res judicata. The city specifically identified *White Appeal II* in its answer and attached a copy of this court's opinion and journal entry to its answer.

{¶8} White subsequently moved for summary judgment, arguing that he was entitled to back pay in light of this court's decision in *White Appeal I*. White attached a copy of that decision and his own affidavit in support of his argument. In his motion, White ignored this court's decision in *White Appeal II*, offering no arguments distinguishing the case.

{¶9} Relying on this court's decision in *White Appeal II*, the trial court ultimately denied White's motion for summary judgment and dismissed his complaint. The trial court specifically found that "White's claim for back pay had been previously adjudicated

and affirmed on appeal. Therefore, the case currently before the court is barred by the doctrine of res judicata."

{¶10} White appeals, raising the following two assignments of error:

I. Plaintiff was denied due process of law when the court, without notice or an opportunity to be heard, took the [sic] judicial notice of other proceedings in another case.

II. Plaintiff was denied due process of law when the court, on its own motion, ruled that res judicata precluded the claim for back pay when that claim was not part of the prior declaratory judgment action and only resulted from a post-verdict motion which, in a prior appeal, the court of appeals said was insufficient as it was not pled with any specificity as required by Rule 9(A) of the Rules of Civil Procedure.

## Judicial Notice

{¶11} In his first assignment of error, White argues that the trial court erroneously took judicial notice of this court's opinion in *White Appeal II* without first giving him an opportunity to respond to "the propriety of taking judicial notice." White's argument, however, is misplaced.

{¶12} Evid.R. 201 governs judicial notice of adjudicative facts and provides as follows:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

{¶13} White confuses the doctrine of judicial notice in this case. This is not a case where the trial court took judicial notice of proceedings of a separate action where the record is not before this court. Here, the trial court properly applied this court's

holding in *White Appeal II*, which is a legally binding precedent that the lower court is required to follow. *See Toler v. Toler*, 2d Dist. Clark No. 10-CA-69, 2011-Ohio-3510, ¶ 13 (while a trial court "is perfectly free to disagree with prior holdings of [an appellate court], it is nevertheless required to follow them"). Indeed, once this court affirmed the trial court's decision in *White Appeal II*, denying White back pay, that decision in *White Appeal II* is now law of the case and "any further attempt to litigate [this] same issue is res judicata." *Ogline v. Sam's Drug Mart*, 5th Dist. Stark No. 2013 CA 00154, 2014-Ohio-2355, ¶ 34. As noted by the Ohio Supreme Court:

> There can be no question that where a judgment becomes final in the course of litigation, it becomes res judicata or the law of the case as to all questions therein decided. Where a second action or a retrial of an action is predicated on the same cause of action and is between the same parties as the first action or first trial of an action, a final judgment of an appellate court in the former action or the first trial of an action is conclusive in the second action or second trial of an action as to every issue which was or might have been presented and determined in the former instance.

*Burton, Inc. v. Durkee*, 162 Ohio St.3d 433, 438, 123 N.E.2d 432 (1954).

{¶14} Accordingly, we find no merit to White's first assignment of error and overrule it.

## Res Judicata

{¶15} In his second assignment of error, White argues that the trial court erroneously concluded that his claim was barred by the doctrine of res judicata and deprived him due process by dismissing his complaint. We disagree.

{¶16} Under the doctrine of res judicata, "a valid, final judgment bars all subsequent actions based on any claim arising out of the transaction or occurrence that

was the subject matter of the prior action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

{¶17} White claims that the issue of back pay has not been decided because his underlying complaint in the other appeals involved solely a declaratory judgment seeking his reinstatement. He argues that the claim for back pay was not part of that lawsuit, and therefore res judicata does not apply.

{¶18} Contrary to White's assertion, the denial of his claim for back pay has already been adjudicated and affirmed on appeal. Indeed, *White Appeal II* addressed the single issue of whether White was entitled to $279,041.20 in back pay from the city following his reinstatement —the very same issue in our appeal. As this court has already decided, the trial court properly determined that White is not entitled to back pay because he failed to properly amend his complaint to add a claim for back pay. *White Appeal II* at ¶ 9.

{¶19} White's failure to properly plead the claim does not shield him from the application of res judicata. Under claim preclusion of res judicata, a previous judgment is conclusive as to all claims that were or could have been litigated in the first action. *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27. *White Appeal II* establishes that White could have possibly prevailed on the back pay issue if it had been properly pled. But because it has already been conclusively decided that White is not entitled to back pay, even if based on a procedural defect in the complaint, White is precluded from relitigating the claim.

**{¶20}** Notably, White failed to appeal our decision in *White Appeal II*, which he should have done if he believed it to be wrongly decided. Under the doctrine of res judicata, he is not entitled to a second bite of the apple to recover back pay when the issue has already been conclusively decided. *See State ex rel. Schneider v. Bd. of Edn. of N. Olmsted School Dist.*, 65 Ohio St.3d 348, 603 N.E.2d 1024 (1992) (res judicata applied to employee's separate mandamus action for back pay when the issue of back pay had already been decided by appellate court).

**{¶21}** The second assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR